**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
dallas DIVISION**

| | |
|---|---|
| IN RE HEELYS INC. DERIVATIVE LITIGATION <br><br> This Document Relates To: <br><br>     ALL ACTIONS. | ) Master Docket No. 3:07-CV-1682-K <br> ) <br> ) **ECF** <br> ) <br> ) <br> ) <br> ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated July 31, 2009 ("Order"), on the application of the Settling Parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated July 17, 2009 (the "Stipulation"). Due and adequate notice having been given to the Current Heelys Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Action, including the Derivative Plaintiffs, the Current Heelys Shareholders, the Individual Defendants and Heelys.

    3.    The Court finds that the Stipulation and Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, finds that the Settlement provides substantial benefits to Heelys and its shareholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4.      The Derivative Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice.  As between Derivative Plaintiffs, Heelys, and the Individual Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the entry of the Judgment, Derivative Plaintiffs, individually and derivatively on behalf of Heelys, Derivative Plaintiffs' Counsel, and Heelys shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Derivative Action against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any settling party to enforce the terms of the Stipulation.

6.      Upon entry of the Judgment, Heelys, each of the Individual Defendants, and the Related Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Derivative Plaintiffs and Derivative Plaintiffs' Counsel from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement or resolution of the Derivative Action or Released Claims.  Nothing herein shall in any way impair or restrict the rights of any settling party to enforce the terms of the Stipulation.

7.      The Court finds that the Summary Notice of Proposed Settlement of Shareholder Derivative Action published in *Investor's Business Daily*, and the Notice of Proposed Settlement of Shareholder Derivative Action posted on the websites of Robbins Umeda LLP, Johnson Bottini, LLP, and Heelys, and filed by Heelys with the U. S. Securities and Exchange Commission via a Form 8-K, provided the best notices practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the

Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8.  The Court finds that during the course of the Derivative Action, the parties and their counsel, at all times, complied with Federal Rule of Civil Procedure 11.

9.  Derivative Plaintiffs' Counsel is hereby awarded $ 1,000,000.00 for attorneys' fees and the reimbursement of expenses ("Fees and Expenses Award").

10. Derivative Plaintiff Jack Freeman is hereby awarded an Incentive Award of $4,000.00 to be paid from the portion of the Fees and Expenses Award received by Robbins Umeda LLP.

11. Derivative Plaintiff Brian Mossman is hereby awarded an Incentive Award of $4,000.00 to be paid from the portion of the Fees and Expenses Award received by Johnson Bottini, LLP.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Individual Defendants and/or the Related Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants and/or the Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Heelys, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November 17, 2009

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

307cv1682.Final Jgmt & Order.wpd